Filed 3/11/14  LaCount v. FM San Diego CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DOYLE LaCOUNT,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FM SAN DIEGO, LLC,<br><br>    Defendant and Appellant. | D063324<br><br><br><br>(Super. Ct. No.<br> 37-2012-00098802-CU-WT-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey B. Barton, Judge.  Affirmed.

Fine, Boggs & Perkins, Cory J. King and William D. Wheelock for Defendant and Appellant.

Stephen Danz & Associates, Melanie Porter and Stephen F. Danz for Plaintiff and Respondent.

Doyle LaCount filed an action against his employer, FM San Diego, LLC (FMSD), asserting a variety of claims arising from his employment with FMSD.  FMSD petitioned to compel arbitration, asserting LaCount had expressly contracted to submit

any employment-related disputes to arbitration when in 2010 he was hired by a previous employer, FM Orange County, LLC (FMOC), and that contract remained binding on LaCount when he left FMOC and was employed by FMSD. The trial court denied the petition, and FMSD timely appealed.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. <u>Facts</u>

LaCount was hired by FMOC in August 2010 and signed an arbitration agreement as a condition to being hired. The arbitration agreement provided LaCount agreed to arbitrate disputes between himself and "the Company (or its owners, directors, officers, managers, employees, agents and parties affiliated with its employee benefit and health plans)." The term "Company" was defined as FMOC, and the agreement did not mention FMSD.

In June 2011 LaCount's employment with FMOC ended. LaCount relocated to San Diego County and was employed by FMSD. He was required to sign a new pay plan with FMSD but was not required to, and did not, sign an arbitration agreement with FMSD. LaCount asked about certain employee benefits but was told by FMSD's Human Resources manager that FMSD and FMOC were separate companies. When LaCount worked for FMOC, his paychecks and W-2 forms were issued by FMOC, and when LaCount worked for FMSD, his paychecks and W-2 forms were issued by FMSD. FMOC and FMSD have different tax identification numbers, different agents for service

2

of process, and their respective websites do not mention any affiliation with each other. LaCount understood FMSD and FMOC were separate companies, and understood the arbitration agreement he had signed with FMOC expired when he ended his employment there. LaCount was never told the arbitration agreement he had signed with FMOC would remain in effect with his new employer FMSD.

The only affiliation between FMOC and FMSD is that another entity (FM SO CAL, LLC) provides management services to both FMOC and FMSD, including human resources and accounting services, and FMOC and FMSD pay a share of FM SO CAL, LLC's administrative costs. There was no evidence FMOC and FMSD were alter egos, or even that FMOC and FMSD were owned by the same ownership group. To LaCount's knowledge, FMOC and FMSD did not share any common employee benefit or health plan, and FMSD submitted no evidence to the contrary.

B. The Order Denying Arbitration

LaCount filed his lawsuit against FMSD, and FMSD petitioned to compel arbitration. The court found there was no enforceable arbitration agreement between LaCount and FMSD because (1) FMSD was not a named party to the written agreement between LaCount and FMOC, and (2) FMSD was not a party affiliated with FMOC's employee benefit and health plans. The court also rejected FMSD's claim that LaCount had an implied-in-fact agreement with FMSD that the FMOC arbitration agreement was carried over and applied to his employment with FMSD.

3

II

ANALYSIS

A. <u>Legal Principles</u>

Code of Civil Procedure sections 1281.2 and 1290.2 create a summary proceeding for resolving a disputed petition to compel arbitration. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413.) The petitioner bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its opposition. (*Ibid.*) In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination. (*Id.* at pp. 413-414.) An appellate court reviewing a decision on a petition to compel arbitration will uphold the trial court's resolution of disputed facts if supported by substantial evidence. However, when there is no disputed extrinsic evidence considered by the trial court, an appellate court will review the trial court's decision de novo. (*Giuliano v. Inland Empire Personnel, Inc.* (2007) 149 Cal.App.4th 1276, 1284.)

The foundational question in a petition to compel arbitration is the *existence* of an agreement to arbitrate. (*Banner Entertainment, Inc. v. Superior Court* (1998) 62 Cal.App.4th 348, 356; *Frederick v. First Union Securities, Inc.* (2002) 100 Cal.App.4th 694, 697.) "General principles of contract law determine whether the parties have

4

entered a binding agreement to arbitrate.  [Citation.]  This means that a party's acceptance of an agreement to arbitrate may be express [citations] or implied-in-fact . . . ."  (*Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 420 (*Craig*).)

B. <u>Analysis</u>

On appeal, FMSD does not contend there was an *express* agreement between FMSD and LaCount to submit disputes to arbitration.[1]  Instead, FMSD relies on *Craig* to argue there was an implied-in-fact agreement to adhere to the arbitration agreement between LaCount and FMOC because LaCount accepted employment with FMSD knowing FMSD conditioned his employment on LaCount's consent that the arbitration agreement he signed with FMOC applied to his employment with FMSD.  FMSD also relies on Civil Code section 1589, and cases decided under that section, which provides that "[a] voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting."  FMSD argues that because LaCount accepted the benefits of employment with it, he consented to the attendant obligations, which included an agreement to arbitrate.  However, section 1589's "principal application is to the parties to the original transaction, and to cases of assignment where the assignee's assumption of liability may be implied from his acceptance of rights and privileges under the contract."

---

[1]  On appeal, FMSD concedes it was "not a signatory or listed as the 'Company' in the agreement" with FMOC that LaCount signed.  Moreover, FMSD makes no claim that it was entitled to interpose FMOC's written arbitration agreement as a "part[y] affiliated with [FMOC's] employee benefit and health plans."  We examine only whether LaCount and FMSD had an implied-in-fact agreement that LaCount would be bound by the terms of the written arbitration agreement with FMOC to arbitrate disputes with FMSD.

5

(*Matthau v. Superior Court* (2007) 151 Cal.App.4th 593, 603.)  FMSD does not explain how this section has any application here because there is no claim LaCount was an *assignee* of a contract containing an arbitration clause, and the only contract that involved an agreed arbitration clause to which LaCount was an *original* party was his contract with a former employer.  The cases applying section 1589 appear to require the person who accepted the benefits of a contract to have had actual knowledge of its burdens (see, e.g., *Unterberger v. Red Bull North America, Inc.* (2008) 162 Cal.App.4th 414, 421), and none of the cases cited by FMSD support the argument that a person who accepts the benefits of a contract in ignorance of its burdens is nevertheless charged, as a matter of law, with those burdens.  Accordingly, unless there is no substantial evidence to support the trial court's key factual determination--that LaCount did not know his employment with FMSD was conditioned on having the FMOC arbitration agreement carry over into and apply to his employment with FMSD--section 1589 has no application here.

FMSD's argument on appeal is that "LaCount understood that his move . . . from FMOC to FMSD was a 'transfer' of employment," and "understood . . . the Binding Arbitration Agreement . . . was intended to survive LaCount's transfer from FMOC and apply to his employment with FMSD"; because there was "no doubt [LaCount] was aware of the arbitration agreement requirement . . . when he subsequently transferred his employment to FMSD [and] since all indications were that [LaCount] had received notice and was aware of the transfer of the Binding Arbitration Agreement from his employment at FMOC to FMSD, [LaCount] is bound by his conduct to submit disputes

6

to arbitration." However, the trial court made a contrary and key factual determination because it found LaCount "perceived FMOC and FMSD as two separate companies with different policies, thereby showing *he did not have notice, or implicitly accept*, FMOC's arbitration agreement carrying over into his employment with FMSD."

Notwithstanding its contrary assertions on appeal, FMSD's argument necessarily devolves into a claim the evidence was insufficient to support the key factual determination: that LaCount did not have actual knowledge his acceptance of his new employment with FMSD carried with it an acceptance that his agreement with his former employer would apply to his new employment. We are not persuaded by FMSD's argument. FMSD's opening brief recites only the evidence supporting its arguments and ignores evidence supporting the order, which permits us to deem waived a claim no substantial evidence supports the order. When an appellant challenges a finding for insufficiency of the evidence to support it, he or she is required to set forth in the appellant's opening brief all the material evidence on that issue or finding and not merely evidence favorable to his or her position. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) "In furtherance of its burden, the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment." (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658.) Unless this is done, the asserted error is deemed waived. (*Foreman & Clark,* at p. 881.) "An appellate court will consider the sufficiency of the evidence to support a given finding only after a party tenders such an issue together with a fair summary of the evidence bearing on the challenged finding,

7

particularly including evidence that arguably *supports* it." (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409-410.)

Furthermore, "[a] party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable" (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218), and not doing so permits a reviewing court to deem waived any substantial evidence contention. (*Ibid.*) Our review of the record on appeal and FMSD's opening brief confirms FMSD has not set forth a sufficient statement of facts stating *all* of the *material* evidence, both favorable and unfavorable, on the key factual determination, and instead cites *only* the evidence FMSD submitted while citing *none* of the evidence submitted by LaCount. We therefore deem this issue forfeited.

Even assuming we were to reach this issue, substantial evidence supports the key factual determination. LaCount's declaration averred he was not told the agreement he signed with FMOC would remain in effect with his new employer, and instead understood it expired after he left FMOC's employment. This testimony is alone sufficient to support the trial court's factual finding. (*State Farm Fire & Casualty Co. v. Jioras* (1994) 24 Cal.App.4th 1619, 1626 [testimony of a single witness is sufficient to provide substantial evidentiary support for a factual finding].) Moreover, LaCount was told the two entities were separate companies, and he was required by FMSD to sign a different pay plan when he starting working there, which provides additional evidentiary

8

support that LaCount reasonably believed the agreements he formerly had with FMOC did not apply to his new employer.

Because the court's factual determinations were adverse to its claims, the court's decision in *Craig, supra*, 84 Cal.App.4th 416, does not aid FMSD's argument.  In *Craig*, an employee was notified that future legal disputes between the employee and employer would be handled by a new dispute resolution program, including arbitration, and the employee continued working for the employer for several years after she received this notification.  (*Id*. at pp. 419-420.)  *Craig* held that continuing to work for the employer after receiving *actual* notice this new term would apply to her employment *could* constitute an implied-in-fact acceptance of the arbitration agreement (*id*. at pp. 420-421), and further held that because the trial court resolved the only disputed issue (i.e., whether she was actually notified of this new proviso) in the employer's favor, substantial evidence supported the trial court's finding that the employee *did* agree to the arbitration provision.  (*Id*. at pp. 420-422.)  As the trial court below noted, *Craig* has no application because the trial court in *Craig* found the employee had notice the arbitration agreement was a condition of the employee's continued employment, but the trial court here reached the opposite conclusion.  To the extent *Craig* has any application, it undermines FMSD's argument by recognizing the key factual determination--whether the employee knew arbitration was a condition to his employment--must be upheld if supported by substantial evidence.  (*Id*. at p. 422.)   Because we have concluded there is substantial evidence to

9

support the trial court's finding on this disputed issue, *Craig* teaches we must affirm the order denying FMSD's petition to compel arbitration.

## DISPOSITION

The order is affirmed. LaCount is entitled to costs on appeal.


McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

NARES, J.

10